UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ETHEL L. WASHINGTON,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　　Defendant. | Case No. 2:14-cv-01552-APG-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

Plaintiff Ethel L. Washington is proceeding in this action pro se. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3, 1-4, and 1-9.

**I.      In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Plaintiff's complaint attempts to state a claim against the Social Security Administration ("SSA"), seeking reinstatement of Supplemental Security Income and Social Security retirement benefits and $1,000,000 for suffering.  The complaint attaches a Statement of Claimant or Other Person Plaintiff sent to the SSA.  Plaintiff contends that the SSA has been reducing her benefit payments, claiming Washington owes SSA $13,000.00.  Washington disputes that she owes SSA money, but argues that even if she did, SSA should not take all of benefits.  She requests the court award her $1,500.00 per month and declare that she does not owe SSA a debt.  Additionally, she seeks an award of one million dollars to compensate her for "being riped [sic] off for so many years by Social Security."

Plaintiff's Complaint does not state a claim upon which relief can be granted because Plaintiff has not set forth any basis for the court's subject matter jurisdiction.  42 U.S.C. §§ 405(g) and 405(h) give federal district courts jurisdiction to review a final decisions by the SSA.  A final decision is one in which: (a) a claimant has presented her claim to the Commissioner; and (b) the

claimant has exhausted her administrative remedies. *See Kaiser v. Blue Cross of Cal.,* 347 F.3d 1107, 1115 (9th Cir. 2003) (citing *Heckler v. Ringer,* 466 U.S. 602, 605-06 (1984)); *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). The presentment requirement is jurisdictional, and it cannot be waived by the Commissioner or the courts. *Kaiser*, 347 F.3d at 1115 (internal citation omitted). The exhaustion requirement is not jurisdictional, but it can only be waived in certain limited circumstances. *Id.*; *Kildare,* 325 F.3d at 1082 (internal citation omitted). Plaintiff has not alleged that she presented her claim to the Commissioner of SSA or that she exhausted her administrative remedies. Additionally, she has not cited any basis to waive the exhaustion requirement. In fact, Plaintiff has not alleged any facts, including when the alleged reduction in benefits occurred, to support her claim. Accordingly, she has not stated a claim upon which relief can be granted, and her complaint will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she must set forth the factual basis for her claim, including when her benefits were reduced, when she presented her claim, and how she exhausted her administrative remedies. Additionally, Plaintiff is advised that the proper defendant is the Commissioner of SSA, not the SSA itself. As a general rule, no federal agency can be sued unless Congress has expressly revoked that agency's sovereign immunity. *See Gerritsen v. Consulado General de Mexico,* 989 F.2d 340, 343 (9th Cir. 1993). In other words, the court does not have jurisdiction to award relief against a federal agency unless the relief is expressly authorized by statute. *See United States v. King,* 395 U.S. 1, 4 (1969) (internal citation omitted). Here, § 405(g) waives the SSA's sovereign immunity as to final decisions of the Commissioner so long as the civil action is brought within sixty days of the Commissioner's decision. *See Bowen v. City of New York,* 476 U.S. 467, 479 (1986). The proper defendant in an action brought pursuant to § 405(g) is the Commissioner of SSA. *See Butler v. Apfel,* 144 F.3d 622, 624 (9th Cir. 1998).

Finally, Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the complaint but shall not issue summons.

4. Plaintiff shall have until **February 5, 2015,** to file her amended complaint, if she believes she can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" immediately above the case number, **2:14-cv-01552-APG-PAL** on page 1 in the caption. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 5th day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE